COMMONWEALTH *v*. HICKS.

[Abstract Kentucky Law Reporter, Vol. 4—619.]

**Criminal Law—Embezzlement.**
> A messenger charged with having embezzled one dollar entrusted to him for delivery to another, and convicted, can not be given greater punishment than that provided in cases of petit larceny. Embezzlement can not be punished as a felony unless the property embezzled is sufficient to amount to grand larceny if one was charged with its theft.

APPEAL FROM HENDERSON CIRCUIT COURT.

January 16, 1883.

OPINION BY JUDGE LEWIS:

Appellee was indicted under Gen. Stat. (1881), Ch. 29, Art. 12, § 2, which reads as follows: "If any carrier, porter, or other

person to whom money or other property or thing which may be the subject of larceny, may be delivered, to be carried for hire, or any other person who may be entrusted with such property, embezzle or fraudulently convert to his own use, or secrete with intent to do so, any such property, either in mass or otherwise, before delivery thereof at the place or to the person to whom the same were to be delivered, he shall be confined in the penitentiary not less than one nor more than five years."

The acts constituting the offense charged are that the appellee was intrusted by one Graves with one dollar in silver coin, the property of said Graves, to be by appellee carried and delivered to C. Stapp, and before the delivery of said money to said Stapp appellee did feloniously embezzle and fraudulently convert to his own use seventy-five cents thereof.

To make the offense complete the money or property must be such as may be the subject of larceny. The main inquiry, therefore, is whether the term used was intended by the legislature to comprehend both grand larceny, which is a felony, and petit larceny, which is punishable only as a misdemeanor, or to be restricted to the former. By the general statutes offenses are classified as felonies or misdemeanors according to the kind of punishment prescribed, felonies only being punishable by death or confinement in the penitentiary. The punishment of each offense, whether felony or misdemeanor, is graduated according to the degree of heinousness of each offense. So that the entire chapter relating to crimes and punishments was manifestly intended by the legislature to be, and should therefore, as far as can properly be done, be construed by this court to be harmonious and consistent.

At the same time the section under which appellee was indicted was enacted, § 1 of Art. 11, same chapter, likewise became a law; and by it persons other than females guilty of larceny of goods and chattels of value less than four dollars are punishable for a misdemeanor by confinement in the county jail for a period of not less than one nor more than twelve months, or the jury in their verdict may direct the punishment to be hard labor for a period not less than one nor more than twelve months. But if the property stolen exceeds in value four dollars the offense is a felony, punishable by confinement in the penitentiary for a period of time not less than one nor more than five years, the precise punishment fixed for the offense of embezzlement described in Art. 12, § 2. In

no case of petit larceny can a female be confined in the county jail more than thirty days. But by an act. approved March 20, 1876 (Acts 1876, Ch.. 942), Gen. Stat., Art. 11, was amended by substituting ten for four dollars as the value of the property stolen by which to determine the offense to be a felony. But the difference in the punishment of males and females for petit larceny is still recognized and provided for.

It is clear that the legislature did not regard the offense with which appellee is charged of greater enormity than the offense of larceny, nor intend to fix a greater punishment in the one case than in the other, when the value of the money or property involved is the same. But if the term as used in Art. 12, § 2, is to be given its most comprehensive meaning it results that the offense described in Art. 12, § 2, is to be treated and punished as a felony whether the property or money be of the smallest money value or the greatest, or the offender be a male or female.

We are of the opinion that the legislature did not intend that such offenses should be punished as felonies, except when the value of the money or property embezzled is the same it is required to be, in order to make the offense of larceny a felony, and that both reason and analogy require the term larceny to be used and applied in a restricted sense. The judgment of the court below is *affirmed*.

*P. W. Hardin, for appellant.*